| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |
| In re: | : | Chapter 7 |
| Brandon D. McCants, | : | Case No. 12 B 14406 (ALG) |
| Debtor. | : | |

MEMORANDUM OF DECISION AND ORDER

APPEARANCES:

WILLIAM I. MUNIER, ESQ.
530 Main Street, Suite 202
Fort Lee, New Jersey 07024
        By: Kenneth Rosellini, Esq.
*Attorney for the Debtor*

HALPERIN BATTAGLIA RAICHT
555 Madison Avenue, 9th Floor
New York, New York 10022
        By: Julie D. Dyas, Esq.
*Attorney for 242 West 139th St Group LLC*

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

*Background*

242 West 139th St Group LLC (the putative "Landlord") seeks entry of an order confirming that the automatic stay of § 362(a) of the Bankruptcy Code does not apply to bar the eviction of Brandon McCants (the "Debtor") from his occupancy of premises at 242 West 139th Street in Manhattan.  The Landlord previously brought eviction proceedings against the Debtor and entered into an agreement, dated April 23, 2012 (the "Stipulation"), so ordered by the Civil Court of the City of New York, whereby a judgment of possession in favor of the Landlord was issued together with an accompanying warrant of eviction, but execution of the warrant was stayed until October 23, 2012, with the proviso that the Debtor vacate by that date.

In consideration for the Debtor's agreement to vacate the premises, the Landlord agreed to pay the Debtor $2,000 within 72 hours of execution of the Stipulation plus $1,000 for each of three consecutive months from May to July 2012, on the tenth day of each month.  There is no contention these payments were not made.  In addition, the Landlord agreed to pay the Debtor an additional $5,000 once the parties conducted a walk-through of the premises and the Debtor turned over the keys.  Presumably, as this latter condition was not met, this amount was not paid. The Stipulation further provided that the Landlord would have electrical service restored to the premises and would pay for such service until October 2012.  Finally, the Stipulation provided that if the Debtor defaulted under the terms of the Stipulation, the Landlord would be entitled to a money judgment in the amount of all electrical and any other expenses advanced, plus all cash payments made to the Debtor pursuant to the Stipulation.

The Landlord asserts that it is entitled to possession based on the State-court judgment

and warrant of eviction and, further, that the Debtor has already gone back to the State court once to attempt to have the judgment vacated; that the State court refused to vacate the judgment; and that this decision was left in place by an appellate court.  The Debtor counters that he is the victim of a scheme whereby the Landlord obtained a mortgage on the premises and ownership of the property by fraud.  He states that he was not represented by counsel in the State court proceedings and was unable to explain to the court there the convoluted financial transaction involving the property and a special purpose entity that the Landlord induced the Debtor to establish to finance improvements to the property.  As a result, the Debtor contends, he was unable to get across the point that the Landlord is not the real landlord but merely a mortgagee of certain loans on the property.  The Debtor finally contends that the automatic stay is applicable because he has an admitted possessory interest in the property.

The Chapter 7 trustee filed a statement indicating that he did not object to the relief sought by the Landlord.

*Discussion*

There is no question that the issuance of a warrant of eviction terminates any landlord/tenant relationship under New York law. *In re Gresvet Laundromat Corp.*, No. 00–42435, 2001 WL 36181154, *2 (Bankr. S.D.N.Y. 2001).  On the other hand, there is substantial authority that in a bankruptcy case involving a commercial lease, a tenant's possessory interest is entitled to the protection of the automatic stay even after issuance of a warrant of eviction.  *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 67 (Bankr. S.D.N.Y. 2010); *In re Issa Corp.*, 142 B.R. 75, 77 (Bankr. S.D.N.Y. 1992); *In re W.A.S. Food Service Corp.*, 49 B.R. 969, 972 (Bankr. S.D.N.Y. 1985).  However, the stay only gives a debtor time to go back to

3

State court to attempt to vacate the warrant. *Sweet N Sour*, 431 B.R. at 68.

The Landord argues that the foregoing authority should not apply in a non-commercial case such as the one at bar but provides no reason why this should be so, as a matter of principle. In any event, in most cases involving residential property, § 362(b)(22) of the Bankruptcy Code would apply, providing that the filing of a bankruptcy petition does not operate as a stay under subsection (a)(3) of § 362

> of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

Notwithstanding that provision, § 362(b)(22) is subject to § 362(*l*) of the Code, and a tenant may obtain the benefit of the stay for at least 30 days after the petition date – and longer under certain conditions – by satisfying the provisions of subsection 362(*l*), which in substance require payment into court of post-petition rent and require the tenant to certify that

> under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered.

11 U.S.C. § 362(l)(1)(A). Section 362(b)(22), added by Congress in the 2005 Amendments to the Bankruptcy Code, confirms that the automatic stay is applicable notwithstanding the issuance of a warrant of eviction under State law; if it were not, Congress would not have added another exception to those already enumerated in § 362(b) providing that the stay would be in effect after a filing only under certain limited conditions.

Although § 362(b)(22) together with § 362(*l*) would ordinarily cover the field in a residential case, the further issue here is whether it applies at all. Section 362(b)(22) gives rights

4

to a "lessor" and provides that the debtor must reside in the premises under a "lease" or a "rental agreement." *See In re McCray*, 342 B.R. 668, 669 (Bankr. D.D.C. 2006) (noting, in the context of a foreclosure, that the movant had not alleged that it was the debtor's lessor or that it had a lease or rental agreement with her; therefore, § 362(b)(22) did not apply); *see also In re Ashlock*, No. 11-1162, 2012 WL 171591, *3 (Bankr. E.D. Tenn. 2012) (concluding that a debtor was not residing in property "under a lease or rental agreement" when she remained in possession of real property after a foreclosure sale); *see also* W. Homer Drake, Paul W. Bonafel & Adam M. Goodman, CHAPTER 13 PRACTICE AND PROCEDURE § 5B:18 (November 2012).

  The Landlord insists that it had a rental agreement by virtue of the Stipulation the parties entered into in April 2012, pursuant to which the Debtor was permitted to remain on the premises rent-free for six months until October 23, 2012, in exchange for certain consideration and the Debtor's agreement to waive counterclaims, consent to the warrant of eviction and not interfere with a proposed foreclosure sale. The Debtor argues that § 362(b)(22) does not apply because there is neither a lease nor a rental agreement but, rather, he is a tenant at sufferance. There is no question that the Debtor has the better of this argument. The Landlord concedes that there is no lease, which is a "conveyance of an interest in land for a fixed period of time . . . which requires the parties . . . to fulfill certain obligations while the lease is in effect." *219 Broadway Corp. v. Alexander's, Inc.*, 46 N.Y.2d 506, 509, 414 N.Y.S.2d 889, 890, 387 N.E.2d 1205, 1206 (1979). The term "rental agreement" by its very terms connotes the payment of rent and covers a relationship where the tenant resides in premises under a short-term, month-to-month or non-lease relationship. *See Strujan v. Adriano, Ues*, 36 Misc.3d 127A, 2012 WL 2402009, No. 570471/11, Slip. Op. (App. Term 2012) (referring to "short-term (one-month)

rental agreement"); *Levesque v. Sharpe*, 106 Misc.2d 432, 433, 430 N.Y.S.2d 482, 483 (N.Y. City Ct. 1980) (referring to a month-to-month rental agreement); *Soto v. Soto*, 4 Misc.3d 881, 882, 781 N.Y.S.2d 592, 593 (Nassau Dist. Ct. 2004) (same).  Here, there was no payment of rent, which in the lease agreement context is defined as "the compensation to be paid by a tenant for the use and occupation of land, or for the right thereto."  *Stecher v. 85th Estates Co.*, 43 A.D.3d 732, 743 n.3, 843 N.Y.S.2d 6, 15 n.3 (1st Dept. 2007).  Rather, there was a payment by the putative landlord to the tenant.

Based on the foregoing, § 362(b)(22) by its terms does not apply.  The Debtor is not in possession by virtue of a lease or rental agreement.

Nevertheless, even though the automatic stay has not terminated by virtue of the provisions of § 362(b)(22), the Landlord has alternatively moved to lift the automatic stay.  Whatever arrangement the parties had, the issuance of a warrant of eviction ended any landlord/tenant relationship and gave the Landlord a judgment of possession that this Court cannot ignore.  In instances where § 362(b)(22) is inapplicable, it is appropriate to leave the automatic stay in place for enough time to allow the Debtor to return to the State court to attempt to vacate the warrant and judgment of possession.  The Court is aware that the Debtor has already pursued that course of action in the State court and that the relief sought was denied, and the Appellate Term refused to grant a stay pending appeal.  However, the Debtor did not have counsel, and the Debtor's current counsel has alleged with some specificity that the Debtor was the victim of a scheme where the putative landlord obtained a mortgage on property that the Debtor had inherited from his father by undertaking to make repairs or alterations, and then used the mortgage to divest the Debtor of his interest in the property.  The Court expresses no view on

the merits of this claim, but the Debtor should have an opportunity to present it to the State court with the assistance of counsel and attempt to get the warrant of eviction vacated.

Accordingly, the motion to declare the stay inapplicable is denied and the motion to vacate the stay is denied without prejudice to renewal in 30 days.  That period of time should afford the Debtor enough time to pursue his rights in State court.

IT IS SO ORDERED.


Dated: New York, New York
       December 7, 2012


/s/ *ALLAN L. GROPPER*
UNITED STATES BANKRUPTCY JUDGE